BOARD OF TRUSTEES OF THE PUBLIC SCHOOL TEACHERS' PENSION AND RETIREMENT FUND OF CHICAGO, Plaintiff-Appellee, *v.* STANLEY T. KUSPER, JR., County Clerk of Cook County, Defendant-Appellant.

First District (1st Division) No. 78-1609

Opinion filed May 21, 1979.

Bernard Carey, State's Attorney, of Chicago (Paul P. Biebel, Jr., and Mark V. Chester, Assistant State's Attorneys, of counsel), for appellant.

Kirkland & Ellis, of Chicago (John E. Angle, of counsel), for appellee.

Mr. PRESIDING JUSTICE GOLDBERG delivered the opinion of the court:

The Board of Trustees of the Public School Teachers' Pension and Retirement Fund of Chicago (plaintiff), filed a complaint for declaratory judgment against Stanley T. Kusper, Jr., in his capacity of county clerk of Cook County, Illinois (defendant). Plaintiff sought a declaration of right construing certain provisions of the Pension Code of Illinois so as to require defendant to include a loss and cost of collection factor when extending general taxes on real property in connection with the levy for the fund administered by plaintiff. After full hearing the trial court entered judgment requiring the defendant to add a reasonable amount for the loss and cost of collection to the tax levy "beginning in the 1977 tax year and continuing each year thereafter unless changed by statute." Defendant has appealed.

In this court defendant urges that the Pension Code does not require the county clerk to include a loss and cost of collection factor in the computation of the annual levy. Defendant relies upon what it considers the plain meaning of the pertinent statute; the need to render each word of the statute meaningful and the fact that other statutory enactments *in pari materia* do not provide allowance for loss and cost of collection. In response, plaintiff urges that the plain meaning of the statute does in fact require addition of the loss and cost of collection factor; in other similar statutes the legislature has expressly excluded this loss and cost factor; the taxing bodies and the defendant have legal authority to include the factor and public policy favors the position of the plaintiff.

There is no factual dispute in this record. Plaintiff filed a motion for judgment on the pleadings or alternatively for summary judgment. Defendant filed a motion for judgment on the pleadings.

The necessary financing of the pension fund operated by plaintiff is derived from member contributions and from general taxes levied upon all taxable property in the City of Chicago. Prior to October 1, 1975, the pertinent statute required that the city council should levy a tax for the

pension fund which would equal a specified amount. Effective October 1, 1975, the legislature amended this provision to provide for a variable levy geared to the total amount of member contributions to the pension fund during various years. Since the statute as thus amended is at the heart of the controversy before us, it is well to note its precise terms, as follows (Ill. Rev. Stat. 1975, ch. 108½, par. 17—128):

"* * * the Board of Education shall demand and direct, and the City Council shall levy a tax annually at a rate on the dollar of the value, as equalized or assessed by the Department of Local Government Affairs, of all taxable property in the City, which, when extended, will produce the following sums: for the fiscal and school year 1976 an amount equal to .85 times the total amount of member contributions during the fiscal and school year 1974; for the fiscal and school year 1977 an amount equal to .90 times the total amount of member contributions during the fiscal and school year 1975; for the fiscal and school year 1978 an amount equal to .95 times the total amount of member contributions during the fiscal and school year 1976; and for the fiscal and school year 1979 and each year thereafter, an amount equal to the amount of member contributions during the fiscal and school year 2 years prior to the year for which the annual applicable tax is levied."

It is undisputed that, following the effective date of this statute, as part of the 1975 general tax levy, the defendant included a loss and cost of collection factor of 13 percent. The issue before us pertains to the tax levy for 1977. The defendant refused to include the loss and cost of collection factor in the computation of that tax levy.

Defendant first contends that the important aspect of the above statute is its use of the word "extended." Both of the parties agree that the process of extension is simply a matter of mechanical arithmetic. The computation starts with the dollar value of all taxable property which is multiplied by the tax rate. The result should be, assuming correctness of the rate, a figure equivalent to 90 percent of the pension contributions to the fund by the participants therein for the year in question. The dollar value could be referred to as the multiplicand and the tax rate as the multiplier with the process of multiplication yielding a product precisely as in the case of an arithmetical exercise in a school book.

Defendant supports this argument by reference to the cases which hold expressly that "[t]he language of a statute must be given its plain and ordinary meaning." (*Franzese v. Trinko* (1977), 66 Ill. 2d 136, 139, 361 N.E.2d 585.) This rule has also been stated to the effect that the words of a statute should be given "their ordinary and popularly understood meaning." *General Motors Corp. v. Industrial Com.* (1975), 62 Ill. 2d 106, 112, 338 N.E.2d 561.

In response, plaintiff takes the position that the word "extended" is simply descriptive of the mathematical process of extension and therefore is of no assistance in determining the legislative intent. This contention, however, parallels the mental process of defendant by placing complete emphasis upon the use of the words "will produce" in the statute. Plaintiff contends that the verb "produce" as used in the statute means to yield or generate. Plaintiff cites a Kentucky case to the effect that "a tax is not produced until it is levied and collected." *Board of Education v. Sea* (1916), 167 Ky. 772, 781, 181 S.W. 670.

We are not convinced that each side of this difference of opinion is entirely correct. We find the solution of the problem is best obtained by relying upon all of the language of the statute in this regard. The statute provides that the tax "when extended, will produce" an amount equal to .90 multiplied by the total member contributions to the fund during 1977. We cannot ascertain the true meaning of this statute by treating any portion thereof as useless surplusage. The courts of Illinois have repeatedly restated " 'the fundamental rule that each word, clause or sentence must, if possible, be given some reasonable meaning.' " (*People v. Avery* (1977), 67 Ill. 2d 182, 190, 367 N.E.2d 79, quoting *Hirschfield v. Barrett* (1968), 40 Ill. 2d 224, 239 N.E.2d 831, *cert. denied* (1969), 393 U.S. 1062, 21 L. Ed. 2d 706, 89 S. Ct. 716.) As otherwise stated, " '[a] statute should be so construed, if possible, that no word, clause or sentence is rendered meaningless or superfluous.' " *People v. Lofton* (1977), 69 Ill. 2d 67, 72, 370 N.E.2d 517, quoting *People ex rel. Barrett v. Barrett* (1964), 31 Ill. 2d 360, 364-65, 201 N.E.2d 849.

■■ It seems to us that giving due consideration to the word "extended" as well as to the word "produce," together with the agreed meaning of the word "extended," the clear intent of this statute is the levy should be such that when it is extended by the defendant the product resulting from this admittedly mathematical process will produce an answer or a result equivalent to the stated percentage of the total pension contributions. We therefore conclude that the statute does not authorize the defendant to add to the levy any additional amount such as provision for loss and cost of collection.

This result is buttressed by a consideration of the section of the Pension Code immediately following section 17—128 above quoted. The following section provides that in any fiscal year in which the total income of the pension fund is less than the total expenditures by the fund for such year, the Board of Education is required to appropriate from its tax levy for educational purposes a sum sufficient to remove the deficiency. (Ill. Rev. Stat. 1977, ch. 108½, par. 17—129.) Our examination and consideration of this subsequent section of the statute is justified by the

maxim of construction that each provision of the statute under consideration "must, if possible, be given some reasonable meaning." *People v. Warren* (1977), 69 Ill. 2d 620, 627, 373 N.E.2d 10; *People v. Bratcher* (1976), 63 Ill. 2d 534, 543, 349 N.E.2d 31.

This process also refutes the contention raised by plaintiff that public policy requires a maximization of the tax revenue of the pension fund. Plaintiff urges that we take judicial notice "of the undisputed fact that the vast majority of municipal and public pension funds are wilfully underfunded." This is an excellent policy argument which is, in our opinion, best addressed to the legislature rather than to this court.

Plaintiff also directs our attention to three statutory provisions which provide that the county clerk shall not add to the tax or rate any amount to cover the loss and cost of collection. These instances are the public school building fund; the tax for free textbooks; and the tax for playgrounds. (See Ill. Rev. Stat. 1977, ch. 122, pars. 34—56, 34—58, 34—62.) From this premise, plaintiff urges that the legislature could readily have included a similar provision in the various statutes pertaining to tax levies for pension funds but elected not to do so.

This is, in a sense, a two-edged argument. The very absence of this type of provision from the tax levy statutes pertaining to pensions might readily be construed as an indication that the legislature did not intend that the loss and cost factor be added with reference to pension funds. Furthermore, as above shown, the statutory provision providing for elimination of losses to the pension fund may well be construed as evidencing the fact that the drafters of the legislation before us thought inclusion of the loss and cost factor was unnecessary. See Ill. Rev. Stat. 1977, ch. 108½, par. 17—129.

Finally we note that other statutes of Illinois pertaining to the same subject matter use similar language and in each of these situations the defendant has not included in their tax levies any factor for loss and cost of collection. These various pension funds are those provided for policemen, firemen, municipal employees, county employees, forest preserve employees, laborers, park employees and sanitary district employees. See Ill. Rev. Stat. 1977, ch. 108½, pars. 5—168, 6—165, 8—173, 9—169, 10—107, 11—169, 12—149 and 13—169.

█▉ We are constrained to note also that the policy adopted by the defendant regarding refusal to include the loss and cost of collection factor in each of these instances, with the exception only of the Board of Education levy for the year 1975, tends to indicate a rather consistent interpretation of the statute by the administrative officer charged with enforcement. This fact also carries some weight in supporting the construction of the statute as above set forth. *Radio Relay Corp. v. Illinois*

*Commerce Com.* (1977), 69 Ill. 2d 95, 101, 370 N.E.2d 528, and cases there cited.

For these reasons the judgment appealed from is reversed.

Judgment reversed.

McGLOON and CAMPBELL, JJ., concur.