SHIRLEY M. WALKER *et al.*, Plaintiffs-Appellees, *v.* ALTON MEMORIAL HOSPITAL ASSOCIATION, Defendant-Appellant.

Fifth District    No. 80-58

Opinion filed November 26, 1980.—Rehearing denied January 7, 1981.

Reed W. Sugg, of Shepherd, Sandberg & Phoenix, of St. Louis, Missouri, for appellant.

David H. Adamson, III, and Lawrence T. Hartman, both of Callis, Hartman & Adamson, P. C., of Granite City, for appellees.

Mr. PRESIDING JUSTICE JONES delivered the opinion of the court:

This is an appeal from an order of the trial court finding the defendant, Alton Memorial Hospital Association, in civil contempt for failure to answer certain interrogatories propounded by the plaintiffs Shirley and Billy Walker. Pursuant to Supreme Court Rule 323 (Ill. Rev. Stat. 1979, ch. 110A, par. 323) the parties have filed a written stipulation stating the facts material to the controversy in lieu of a report of proceedings. According to the stipulation, plaintiffs filed a medical malpractice action against defendant and subsequently served upon defendant a series of interrogatories. To the following interrogatories defendant objected:

"22. State whether or not there were any hearings or meetings relating to the care and/or treatment of plaintiff.

23. If the answer to the previous interrogatory is yes, please state:
   (a) The person or organization holding a hearing or meeting;
   (b) The name and address of those persons attending said meeting or hearing;
   (c) Date and time of said meeting or hearing;
   (d) Location of said meeting or hearing;
   (e) The nature and purpose of said meeting or hearing;
   (f) State the substance of the proceeding of said hearing or meeting;
   (g) State the results or conclusion of said hearing or meeting;
   (h) Please state whether location and custodian who has the notes or records of said hearing or meeting [*sic*]."

Defendant objected to answering these two interrogatories because, it

contended, disclosure of the requested information would be in violation of sections 1, 2 and 5 of "An Act providing for the confidential character of certain medical studies" (Ill. Rev. Stat. 1977, ch. 51, pars. 101, 102 and 105). Thereafter the trial court ordered defendant to answer interrogatories numbered 22 and 23(a), (b), (c), (d) and (e) fully and to give the information necessary to answer interrogatories numbered 23(f), (g) and (h) to the trial court for *in camera* inspection. Defendant filed a motion to reconsider the order, which the trial court denied, ordering defendant to comply with its order within 30 days. Upon defendant's failure so to comply, plaintiffs moved that defendant be held in contempt for refusal to comply with the order of the trial court, and following a hearing on that motion, the court found defendant in contempt and imposed a fine of $25.

On appeal defendant contends that "defendant and its counsel cannot be held in contempt for merely refusing to comply with a discovery order which was erroneous under Illinois statutory law." The sections of the medical studies act in issue provide as follows:

> "§1. All information, interviews, reports, statements, memoranda or other data of the Illinois Department of Public Health, Illinois State Medical Society, allied medical societies, or committees of accredited hospitals, including Patient Care Audit Committees, Medical Care Evaluation Committees, Utilization Review Committees, Credential Committees and Executive Committees, but not the original medical records pertaining to the patient, used in the course of internal quality control or of medical study for the purpose of reducing morbidity or mortality, or for improving patient care, shall be strictly confidential and shall be used only for medical research, the evaluation and improvement of quality care, or granting, limiting or revoking staff privileges, except that the claim of confidentiality shall not be invoked to deny a physician access to or use of data upon which a decision regarding his staff privileges was based."

> "§2. Such information, records, reports, statements, notes, memoranda, or other data, shall not be admissible as evidence in any action of any kind of any court or before any tribunal, board, agency or person."

> "§5. The disclosure of any information, records, reports, statements, notes, memoranda or other data obtained in any such medical study except that necessary for the purpose of the specific study is unlawful, and any person convicted of violating any of the provisions of this Act is guilty of a Class A misdemeanor." (Ill. Rev. Stat. 1977, ch. 51, pars. 101, 102, 105.)

Defendant's position is that it:

> "* * * cannot even disclose the information for an *in camera* inspection without violating the statute. In fact, if defendant did provide the trial court with the requested material for an *in camera* inspection, the court's determination that the information was prohibited from disclosure by Section 101 [sic] would constitute a determination that the defendant had violated the statute and was guilty of a misdemeanor. The statute makes no provisions for a limited disclosure."

Defendant argues that answering some of the interrogatories in writing, as the trial court has ordered it to do, would similarly violate the prohibition against disclosure of section 1 and would thereby also constitute a Class A misdemeanor.

■■ To ascertain the intent of the legislature in enacting a statute, the court is bound to give meaning and effect to all of the provisions of the statute. (*Sternberg Dredging Co. v. Estate of Sternberg* (1957), 10 Ill. 2d 328, 140 N.E.2d 125.) The court must construe a statute so that no word, clause or sentence, to the extent that it is possible to do so, is rendered superfluous or meaningless. (*Peacock v. Judges Retirement System* (1957), 10 Ill. 2d 498, 140 N.E.2d 684.) Otherwise stated, the rule requires the court, if possible, to give each word, clause or sentence some reasonable meaning. (*Board of Trustees v. Kusper* (1979), 72 Ill. App. 3d 653, 391 N.E.2d 66.) Defendant's construction would require us to ignore or to violate these principles of construction. Defendant overlooks the significance of the provision in section 2 whereby the materials specified as confidential in section 1 may not be admitted as evidence in court. Were any disclosure other than that which is permitted by section 5 to be deemed unlawful, the provision of section 2 prohibiting the admission of such materials into evidence in court would be mere surplusage.

■■ It is a rule of law too elementary to require citation that the court and no one else—certainly not the parties—determines whether that which is offered into evidence is properly admissible. In order to rule upon that question, the court must have an opportunity to acquaint itself with the nature of the material offered. It hardly needs to be said that the court so acquaints itself during *in camera* proceedings to avoid prejudice to one or the other of the parties. Another rule too elementary to require citation is that discovered material is not evidence but merely something one or both of the parties may wish later at trial to offer into evidence for a determination by the court as to its admissibility. While section 2 expressly prohibits the admission of certain materials into evidence, it does not either expressly or impliedly prohibit either the court's determination of the admissibility of the materials or the prior discovery of

them. This construction is consistent with the purpose of the medical studies act as stated in *Matviuw v. Johnson* (1979), 70 Ill. App. 3d 481, 486, 388 N.E.2d 797, 799,

> "[T]hrough the Medical Studies Act, the legislature intended to bolster the effectiveness of in-hospital peer group review committees. To this end, the Act provided for a general policy of confidentiality for information obtained by such committees to insure that those providing the information could speak freely."

This construction permits the court to rule on the admissibility of evidence, as it must, to the end that material which is prohibited from admission into evidence pursuant to section 2 is, in fact, excluded from evidence. At the same time such a construction furthers the policy of confidentiality. Here the trial court has carefully provided for the preservation of the confidentiality of the materials by requiring not written answers to those interrogatories which go to the substance of these materials but *in camera* inspection of them. We conclude that the discovery of such materials does not constitute the criminal disclosure of them for which section 5 provides. We therefore hold that it was not error for the trial court to find defendant in contempt of court for refusal to comply with its order pertaining to discovery of those materials which, according to defendant, fall within the purview of the medical studies act.

We find nothing in *People ex rel. Illinois Judicial Inquiry Board v. Hartel* (1978), 72 Ill. 2d 225, 380 N.E.2d 801 (Alfano I), or *People v. Alfano* (1980), 78 Ill. 2d 434, 401 N.E.2d 554 (Alfano II), which would indicate a contrary result in the case at bar.

Affirmed.

KARNS and SPOMER, JJ., concur.