MARY STUEWE *et al.*, Plaintiffs-Appellants, *v.* JAMES F. LAULETTA *et al.*, Defendants-Appellees.—(BERN BUILDERS, INC., *et al.*, Defendants.)

First District (5th Division)    No. 79-1503

Opinion filed March 6, 1981.

Michael W. Rathsack, of Chicago, for appellants.

Neville, Pappas & Mahoney, of Chicago (Ronald F. Neville, of counsel), for appellees.

Mr. JUSTICE WILSON delivered the opinion of the court:
Following a bench trial on count III of the complaint, which alleged

that a lease/easement of a portion of the common elements for a single parking space was improper, judgment was entered in favor of defendants (Lauletta) and this count was subsequently dismissed. On appeal, plaintiffs contend that the trial court erred in finding for defendants and dismissing the complaint as the attempted amendment of the condominium declaration was improper and defendants had actual and constructive notice of the fact that the disputed area was part of the common elements. We reverse and remand. The facts are as follows:

In October 1972, defendants entered into a real estate contract to purchase a condominium unit as Les Chateau condominium from the developer, Bern Builders, Inc. Defendants contracted for two parking spaces and were told that these spaces were inside the garage. It was later determined that two spaces were not available inside the garage and so a parking space was designated by the developer outside of the garage. This was a new parking space which had not previously been identified on the survey of the property.

The developer's president, Mr. William Tedtman, and defendants (Lauletta) executed a 99-year lease at closing with a covenant to record an easement.

Defendants moved into their unit in December 1972. At that time only four other units were occupied and owned by others. The shrubbery was removed from the area designated as defendants' parking space in February or March 1973, and they began using the space at that time.

The association took over management of the building from Bern Builders on November 1, 1973. They offered defendants the use of a parking space at the rear of the building for their second car, which was refused.

Defendants testified that they signed a contract and received a copy of a survey in 1972. They were told that they had two parking spaces, both of which were inside the building. At closing, however, the developer realized that they could not have two spaces inside the building and so designated space 3A located at the front of the building. Bern Builders indicated to them that they would amend the condominium declaration to provide for the new parking space so designated; however, to their knowledge, this was not done.

The trial court found in favor of defendants, indicating that the developer made leases and operated the condominium prior to the time the association actually came into being. The court also indicated that it would be inequitable in light of all the circumstances to deprive defendants of the space they contracted for and that the association should have been put on notice that these parties had been given the parking space in dispute.

Opinion

Plaintiffs contend that defendants attempted to purchase or lease from the developer a parking space which the developer did not own and to which it had no right to control and that the attempted amendment of the Declaration to provide for the parking space in question was ineffective and as such, the disputed parking area remains part of the common elements of the Les Chateau condominium. We agree.

The Declaration of Condominium (Declaration) governed the sale of the Les Chateau condominiums and was recorded in February 1972. It designated the common elements as being all portions of the property except the units. It also included a survey, which designated certain areas of the common elements as parking spaces; however, the disputed parking area was not included as such in the survey, and thus would have been considered part of the other common elements. Defendants' argument that the percentage of ownership in the common elements has not been effected and that the amendment merely redesignates a use for a portion of the common elements as a parking space, is unpersuasive since the Declaration specifically indicates that each unit ownership has a perpetual and exclusive easement of a parking space. As such, for all practical purposes, no other tenant can use another's assigned parking space and that particular parking space passes along with the unit if there is any change in unit ownership. In effect, then, the common elements as to all other tenants have thereby been diminished.

Article III of the Declaration states the applicable rules affecting the common elements. Relevant portions of this Article state that:

"Each owner shall own an undivided interest in the common elements as a tenant in common with all the other owners of the property * * *

The extent or amount of such ownership (in the common elements) shall be expressed by a percentage amount, and, once determined, shall remain constant, and may not be changed without unanimous approval of all owners." Art. III, par. 2.

In order to amend article III, article XIII, paragraph 7 provides that:
"The provisions of Article III * * * may be changed, modified or rescinded by an instrument in writing setting forth such change, modification or rescission, signed and acknowledged by the Board, all of the owners and all mortgagees having bona fide liens of record against unit ownerships."

Thus, the specific language of the Declaration requires approval of all owners before the common elements could be diminished, and approval of all owners before any provision of article III could be amended which, in either case, the developer did not have.

However, assuming that the area in question fell under the provisions of article I (Parking Area) and article IV, paragraph 3(d), which designates other portions of the common elements as parking spaces, as defendants advocate, then any amendment to these articles would be subject to the following provision of article XIII:

"Other provisions of this Declaration may be changed, modified or rescinded by an instrument in writing setting forth such changes, modification, or rescission, signed and acknowledged by the Board, the owners having at least 3/4ths of the total vote and containing an affidavit by an officer of the Board certifying that a copy of the change, modification or rescission has been mailed by certified mail to all mortgagees having bona fide liens of record against any unit ownership, not less than ten (10) days prior to the date of such affidavit. The change, modification or rescission shall be effective upon recordation of such instrument in the Office of the Recorder of Deeds of Cook County, Illinois; provided, however, that no provision in this Declaration may be changed, modified or rescinded so as to conflict with the provisions of the "Condominium Property Act."

■■ It is undisputed that in December 1972, Bern Builders controlled 15 of the total 19 units (only four other units were occupied and owned by others) and thus along with defendants comprised three-fourths of the ownership of the condominium complex, which was the necessary voting percentage to effect an amendment to these articles. However, the developer would still be bound by this provision setting forth the procedure to follow and requiring notice to the owners. There is no evidence in the record that this procedure was followed, and thus the attempted amendment would still be ineffective.

■■ Moreover, defendant's argument that the rules of equity demand that they be allowed to use the disputed parking area is inapplicable under the circumstances of this case. It is axiomatic that equity follows the law (*Evergreen Savings & Loan Association v. Barnard* (1978), 65 Ill. App. 3d 492, 382 N.E.2d 467; *In re Estate of Wallace* (1932), 266 Ill. App. 500) and cannot be invoked to destroy or supplant a legal right. It therefore follows that where the Declaration establishes the rights inherent in unit ownership and provides for the procedures in order to effect an amendment to it, equity cannot aid in effecting what ought to have been done, in contravention of the Declaration, particularly when other unit owners' rights are involved. Whether the Declaration was properly amended to provide for the disputed parking space is not an equity question but a question of law controlled by the provisions of the Declaration.

■■ Bern Builders, even acting as the board of managers or trustee under article XIII, paragraph 1, could not validly execute a lease to defendants

until it was supplemented by a recorded easement as first, the area in question had not been specifically designated in the Declaration with the survey attached, as a parking space, and secondly, there was no proper amendment including recordation to include this area as a parking space to be subject to any lease/easement. Defendants and the developer are both bound by the provisions of the Declaration and could not circumvent its requirements in order to effect an amendment.

For the foregoing reasons, the order appealed from which found in favor of defendants on count III and dismissed the complaint is reversed and this cause is remanded to the trial court with directions that dismissal of the complaint be vacated and judgment be entered in favor of plaintiffs as to count III.

Reversed and remanded with directions.

LORENZ and MEJDA, JJ., concur.