ROBERT PARRILLO, Plaintiff-Appellant, *v.* 1300 LAKE SHORE DRIVE CONDOMINIUM, Defendant-Appellee.

First District (3rd Division)    No. 81-894

Opinion filed December 30, 1981.

Alvin R. Becker and Ann T. Scannell, both of Chicago, for appellant.

Roger L. Price and Aviva Meridian Kaiser, both of Aaron, Schimberg, Hess, Rusnak, Deutsch & Gilbert, of Chicago, for appellee.

JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff Robert Parrillo, owner of a condominium unit, brought this action, in three counts, seeking relief from the refusal by defendant 1300 Lake Shore Drive Condominium to permit him to construct an addition to his unit. The trial court granted defendant's motion to dismiss and entered judgment for defendant on all three counts. Plaintiff did not seek to

amend his complaint but moved for reconsideration of the judgment as it applied to count III. Plaintiff appeals from the trial court's denial of that motion and its dismissal of count III. The facts as revealed by the pleadings are as follows.

Plaintiff sought defendant's permission to construct an addition to his condominium unit by which one of two adjoining terraces would have been converted into a-bedroom. The terrace was part of an area designated by the condominium declaration as common elements. Plaintiff had an easement, however, entitling him to the exclusive use of the terrace. Count III of the complaint alleged that defendant was estopped from denying plaintiff's request by reason of several acts committed by its board of directors. It charged that the board requested plaintiff to submit architectural drawings of his proposal and then arbitrarily rejected his plans after his compliance with the request. After plaintiff submitted a revised proposal, the board requested that he submit a legal opinion. Plaintiff's compliance with this request again resulted in a denial by the board.

Defendant's motion to dismiss count III urged that it not only failed "to allege the essential elements of an estoppel action," but that it sought relief barred by operation of law. In determining the sufficiency of count III, we shall address ourselves to the various arguments offered by defendant.

Defendant first urges that the board lacked power to grant plaintiff's request because the proposed construction would have violated section 8 of the Condominium Property Act. (Ill. Rev. Stat. 1979, ch. 30, par. 308.) That section provides in relevant part:

> "As long as the property is subject to the provisions of this Act the common elements shall * * * remain undivided, and no unit owner shall bring any action for partition or division of the common elements."

■■ There is no dispute that the terrace in question is part of the common elements. Citing two cases from other jurisdictions, *Makeever v. Lyle* (1980), 125 Ariz. 384, 609 P.2d 1084, and *Grimes v. Moreland* (1974), 41 Ohio Misc. 69, 322 N.E.2d 699, defendants argue that in essence plaintiff was seeking a partition or division of the common elements within the meaning of section 8. In both cases the courts found the construction of fixed objects on common areas for the exclusive use of less than all unit owners to constitute a taking which unlawfully deprived the remaining unit owners of the use of common elements without their consent. Unlike the present case, however, the parties had no prior right to the exclusive use of the area in question. Furthermore, this court has held that the word "undivided" as it appears in section 8 must be construed with reference to

legal title in property. (*Mission Hills Condominium M-4 Association v. Penachio* (1981), 97 Ill. App. 3d 305, 422 N.E.2d 1125.) Plaintiff in the present case does not seek an alteration of the legal title to the property in question. Rather, he seeks to make improvements on a common element area to which he already has an exclusive easement. A physical division of common elements caused by an improvement made thereon does not in itself constitute a "partition" or "division" of the kind prohibited by section 8. *Mission Hills Condominium M-4 Association v. Penachio.*

■■ Defendant next urges that the relief sought by plaintiff would contravene sections 4 and 6 of the Condominium Property Act. Section 4 provides in pertinent part:

"The declaration shall set forth the following particulars:

\* \* \*

(e) The percentage of ownership interest in the common elements allocated to each unit. Such percentages shall be computed by taking as a basis the value of each unit in relation to the value of the property as a whole, and *having once been determined* and set forth as herein provided, *such percentages shall remain constant unless* otherwise provided in this Act or thereafter *changed by agreement of all unit owners*." (Emphasis added.) (Ill. Rev. Stat. 1979, ch. 30, par. 304.)

Section 6 of the Condominium Property Act provides in relevant part:

"Each unit owner shall be entitled to the percentage of ownership in the common elements appertaining to such unit as computed and set forth in the declaration pursuant to subsection (c) of Section 4 hereof, and ownership of such unit and of the owner's corresponding percentage of ownership in the common elements shall not be separated, except as provided in this Act, nor, except by the recording of an amended declaration and amended plat approved in writing by all unit owners, shall any unit, by deed, plat, court decree or otherwise, be subdivided or in any other manner separated into tracts or parcels different from the whole unit as shown on the plat, except as provided in this Act." Ill. Rev. Stat. 1979, ch. 30, par. 306.

Citing *Stuewe v. Lauletta* (1981), 93 Ill. App. 3d 1029, 418 N.E.2d 138, defendant maintains that plaintiff's proposed alteration would diminish the common elements owned by each other unit owner in violation of sections 4 and 6. Like in the present case, that condominium declaration designated certain common element areas as being for the exclusive use (parking spaces) of particular owners. Unlike the present case, however, the area in question was not so designated. When the defendant was later given an exclusive use easement over this general common element area,

the *Stuewe* court found the common elements owned by each other owner to have been diminished thereby. Here plaintiff sought merely to improve a common area to which he already held an exclusive use easement. Thus the common elements available to the other unit owners would remain the same.

Likewise, defendant's claim that the enhanced value of plaintiff's unit would necessitate a reallocation of the percentages of ownership in the common elements, is without merit. In accord with the express language of section 4, those percentages, once determined, remain, absent an agreement by all unit owners.

■■ Defendant also points out that the holder of an easement has no right to make improvements thereon if such improvements materially alter the character of the easement so as to interfere with the use and enjoyment of the servient estate by its owner. (*Triplett v. Bueckman* (1976), 40 Ill. App. 3d 379, 352 N.E.2d 458.) Such interference, however, is not evident from the pleadings and would constitute an issue of fact. Furthermore, according to the condominium declaration, improvements to common elements by unit owners are not forbidden but merely require approval of the board. The relief sought by plaintiff is not barred by operation of law.

Defendant correctly asserts, however, that plaintiff has failed to allege the essential elements of an estoppel action. Although pleadings are to be liberally construed and formal allegations are unnecessary, a complaint must allege facts necessary to state a cause of action. (*Zamouski v. Gerrard* (1971), 1 Ill. App. 3d 890, 275 N.E.2d 429.) We need not recite here the elements necessary to invoke the principle of estoppel. See *Stewart v. O'Bryan* (1977), 50 Ill. App. 3d 108, 365 N.E.2d 1019.

■■■ Both in the trial court and in this court, however, plaintiff has urged that even if count III is deficient, the trial court erred in granting defendant's motion to dismiss because it was deficient at law. Section 45 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 45) requires that a motion to dismiss point out specifically why a pleading is thought to be deficient. (*Lee v. Conroy* (1973), 13 Ill. App. 3d 694, 300 N.E.2d 505.) The purpose of this requirement is to give the party against whom the motion is directed an opportunity to cure the objection by amending the pleading. (*People ex rel. Spicer v. Coleman* (1979), 72 Ill. App. 3d 631, 391 N.E.2d 46.) In the present case it was not enough for defendant merely to assert that count III failed "to allege the essential elements of an estoppel action" without specifically pointing out wherein the complaint was deficient. Therefore it was error for the trial court to deny plaintiff's motion for reconsideration in which he alleged the inadequacy of defendant's motion. Since it is not apparent that plaintiff would be unable to amend count III so as to state a cause of action, he should be given that opportunity. *Lee v. Conroy*.

For the reasons stated, the order dismissing count III of plaintiff's complaint is reversed and the cause is remanded for further proceedings consistent with the holding of this opinion.

Order reversed and remanded.

RIZZI, P. J., and McGILLICUDDY, J., concur.