ST. FRANCIS COURTS CONDOMINIUM ASSOCIATION, Plaintiff-Appellee, *v.* THE INVESTORS REAL ESTATE *et al.*, Defendants-Appellants.

First District (1st Division)    No. 81-1672

Opinion filed March 1, 1982.

Beryl A. Birndorf, of Chicago, for appellants.

James G. McConnell of Rooks, Pitts, Fullager & Poust, of Chicago, for appellee.

JUSTICE O'CONNOR delivered the opinion of the court:

This is an appeal by defendants from the trial court's order granting plaintiff's motion for partial summary judgment and entering certain mandatory and negative injunctions against defendants. For the reasons stated below, we affirm.

Plaintiff, St. Francis Courts Condominium Association, is a not-for-profit corporation incorporated under the Illinois General Not For Profit Corporation Act. (Ill. Rev. Stat. 1979, ch. 32, par. 162a *et seq.*) Defendants, William Dec, doing business as the Investors Real Estate, Edward Niziol and Jean Pierre Gourguechon, were partners in the development of an apartment building into the St. Francis Courts condominium complex. Title to the building developed by defendants was held by Chicago Title & Trust Company, as trustee under Trust No. 1072963, dated June 1, 1978. Defendants were the beneficiaries of the trust and also were vested with the power of direction.

The Declaration of Condominium Ownership (Declaration) for St. Francis Courts was recorded in the office of the recorder of deeds of Cook County on August 4, 1978. The plat recorded with the Declaration showed the building was to contain 73 apartments on three floors and 19 garage spaces in the basement. The ground floor area was shown to be part of the common elements, with the exception of one garden unit. Likewise, the basement area was to be part of the common elements, except for the garage spaces. A first amendment to the Declaration was recorded on January 5, 1979. None of the unit boundaries were changed by this amendment, and it is not at issue here.

On October 26, 1979, a second amendment was recorded. This amendment contained a new plat, which was dated April 11, 1979. This plat changed the boundary lines of five units. Basement space originally designated part of the common elements was annexed to these five first-floor apartment units. These units were to be developed as duplex units. Construction on the first unit began in April 1979.

The controversy here involves the effectiveness of the second amendment to the Declaration and the defendant's construction of duplex units in the basement. Plaintiff alleged in its second amended complaint that the second amendment to the Declaration was null and void because it was recorded after 24 units were conveyed to new owners. Thus, it ws alleged, the annexation of common elements in the basement was improper pursuant to the terms of the Declaration and sections 23, 27 and 31 of the Condominium Property Act. (Ill. Rev. Stat. 1979, ch. 30, pars. 323, 327, 331.) The construction work in the basement, then, was an encroachment upon the rights of all the common owners.

Upon the filing of plaintiff's motion for partial summary judgment, defendants moved to strike the motion and the second amended complaint. Defendants asserted that plaintiff did not have standing to bring this action and that the second amendment, with the new survey, was valid. The trial court denied defendants' motion, holding that plaintiff had standing to sue. The trial court then granted plaintiff partial summary judgment, declaring the second amendment null and void, ordering

defendants to remove certain construction from the basement and further enjoining them from engaging in any future construction in the basement common area.

Defendants appeal, asserting (1) the trial court improperly determined that plaintiff had standing to bring this action and (2) the second amendment was properly adopted, becoming valid on the date of recording.

Defendants set forth two interrelated arguments in support of their contention that plaintiff lacks standing to bring this action; first, the Condominium Property Act (Act) (Ill. Rev. Stat. 1979, ch. 30, par. 301 *et seq.*) does not give plaintiff power to bring this action in matters involving the common elements and, second, plaintiff has no remedial interest in the cause of action asserted in its complaint. We disagree with defendants' arguments.

There can be no doubt but that plaintiff, a not-for-profit corporation, may institute a legal action in its own name. Section 18.1 of the Act provides for incorporation of a not-for-profit corporation under the General Not For Profit Corporation Act (Ill. Rev. Stat. 1979, ch. 32, par. 163a *et seq.*) "for the purpose of facilitating the administration and operation of the property." (Ill. Rev. Stat. 1979, ch. 30, par. 318.1.) The General Not For Profit Corporation Act vests in the board of directors of a not-for-profit corporation power to sue on behalf of the corporation in the corporation's own name. (Ill. Rev. Stat. 1979, ch. 32, pars. 163a4, 163a16.) Similarly, section 18.3 of the Act provides that the unit owners' association shall have the powers specified in the General Not For Profit Corporation Act whether nor not the association is incorporated. Ill. Rev. Stat. 1979, ch. 30, par. 318.3.

■■ The legislature has thus specifically authorized condominium associations to maintain legal actions on behalf and in the name of the association. (*Board of Managers v. Beringer* (1981), 94 Ill. App. 3d 442, 418 N.E.2d 1099.) Notwithstanding defendants' argument to the contrary, the board of managers is empowered to exercise all the powers and duties of the association, including the operation, care and upkeep of the common elements. Ill. Rev. Stat. 1979, ch. 30, par. 318.4(a).

Defendants' argument based on *American Federation of Technical Engineers, Local 144 v. LaJeunesse* (1976), 63 Ill. 2d 263, 347 N.E.2d 712, are incorrectly applied to this case. *LaJeunesse* held that unincorporated associations generally do not have legal capacity to sue. At the same time, the supreme court recognized that such a capacity to sue may be authorized by legislative action. (63 Ill. 2d 263, 266.) The contention that plaintiff has no remedial interest in this action is premised largely on the theory that the corporation does not have the power to bring an action in

matters relating to the common elements. Defendants interpret section 9.1 of the Act (Ill. Rev. Stat. 1979, ch. 30, par. 309.1) as granting such power exclusively to the board of managers. Section 9.1 reads in part:

"The board of managers shall have standing to act in a representative capacity in relation to matters involving the common elements or more than one unit, on behalf of the unit owners, as their interests may appear."

Defendants' reasoning is based on *Tassan v. United Development Co.* (1980), 88 Ill. App. 3d 581, 410 N.E.2d 902. There, a class of owner-plaintiffs sued the developer for a breach of the implied warranty of habitability. The developer cited section 9.1 of the Act and made an argument which is the reverse of that presented before us; that is, only the board of managers had standing to bring an action on behalf of the condominium association. The court noted that for purposes of this action there was no contract between the developer and the association out of which to imply a warranty of habitability for the common elements. However, since it was the contract rights of each individual purchaser of a condominium unit that created the warranty, plaintiffs could properly assert their contract rights. 88 Ill. App. 3d 581, 596.

The court in *Tassan* continued, stating:

"* * * If anything, it is the association who would have no standing in this action but for the fact that the amendment to section 9.1 of the Condominium Property Act apparently gives the association standing to assert the unit owners' rights in the common elements. We find nothing in the Condominium Property Act that indicates an intent on the part of the legislature to transfer the unit owners' contract rights to the condominium association." (88 Ill. App. 3d 581, 596.)

It is argued by defendants that this statement by the court is inconsistent and, as such, the latter sentence, only, should be read to mean plaintiff has no remedial interest or rights in the common elements. Thus, it is concluded, plaintiff has no standing.

We do not find the court's language in *Tassan* to be inconsistent. The court there found that the individual unit owners had individual contract rights to assert against the developer. Section 9.1 of the Act does not in any way deny an individual unit owner the right to assert an individual contract right.

Section 9.1 relates to the attachment of liens and payment of common debts to be shared by the individual unit owners. (Ill. Rev. Stat. 1979, ch. 30, par. 309.1.) This section merely grants standing to the board of managers to act in a representative capacity in matters which relate to common elements or more than one unit. It is obvious, then, that a board

of managers would have a remedial interest when asserting the rights of the common owners in such actions.

■■ This grant of standing to the board of managers to protect the common interests of the unit owners is not confined to section 9.1. The board of managers, which is authorized to exercise the powers and duties of the association, is specifically charged with the operation, care and upkeep of the common elements. (Ill. Rev. Stat. 1979, ch. 30, par. 318.4(a).) Similarly, section 18.3 provides:

> "* * * The Association shall have and exercise all powers necessary or convenient to effect any or all of the purposes for which the association is organized, and to do every other act not inconsistent with law which may be appropriate to promote and attain the purposes set forth in this Act or in the condominium instruments." (Ill. Rev. Stat. 1979, ch. 30, par. 318.3.)

It is clear that by this action plaintiff has asserted the common ownership rights of the individual unit owners in the basement area. We hold that plaintiff had standing to bring this action.

The second amendment to the Declaration was recorded by the trustee on October 26, 1979. This was done pursuant to a letter of direction signed by defendant beneficiaries which was received by the trustee on October 24, 1979. Affidavits submitted by defendants Niziol and Dec reveal that this letter of direction was adopted by them on April 12, 1979. At the time this letter was adopted, defendants, as beneficiaries of the land trust, were still the only owners of the St. Francis Courts building. Title to the first unit was not transferred to the first unit owner until June 3, 1979. When the second amendment was recorded, an additional 23 units had been conveyed to purchasers.

Defendants contend that the second amendment was valid and effective when recorded because it was properly adopted at the time when they, as beneficiaries, were sole owners. It was their intent, it is argued, that the Declaration be amended in April of 1979. However, due to the failure of their counsel, delivery of the letter of direction to the trustee was not until October 24, 1979. Finally, it is argued, the execution of the letter of direction with the intent to cause the trustee to execute and record the second amendment is the functional equivalent to defendants themselves executing the amendment.

■■ We cannot accept this argument. The Condominium Property Act provides there will be no valid amendment of the Declaration until such amendment is recorded. (Ill. Rev. Stat. 1979, ch. 30, pars. 306, 326, 331.) Also, article III, paragraph 5, of the Declaration provides that no transfer of common elements shall be effective until an amendment has been recorded. The purpose of any recording act is to give persons the opportunity of ascertaining the status of title to property. *Kovacevic v. City of*

*Chicago* (1977), 47 Ill. App. 3d 674, 365 N.E.2d 104; *Donn v. Auto Dealers Investment Co.* (1943), 318 Ill. App. 95, 47 N.E.2d 568, *rev'd on other grounds* (1944), 385 Ill. 211.

■■ Defendants' letter of direction could not have served the functional equivalent of recording. From April 12, 1979, to October 26, 1979, there were no sources that a purchaser of a unit in St. Francis Courts could consult which would have informed them that the original plat had been changed to annex certain common areas of the basement to several existing units. Indeed, a disclosure statement required by the City of Evanston was filed in June 1979 which did not contain the amended plat. Included with this statement was the original plat, showing the basement area to be common elements.

The procedures used for amending condominium instruments are subject to section 27 of the Act. (Ill. Rev. Stat. 1979, ch. 30, par. 327.) That section requires an affirmative vote of 2/3 of those voting when the developer is not the only owner. Article XIX, paragraph 6, in the Declaration is even more stringent in this respect, requiring the approval of all the board of managers and three-fourths of the unit owners.

At the time of the recording of the second amendment, 24 of the 73 units in St. Francis Courts were occupied. To effect an amendment, defendants were bound to follow the provisions of the Act and the Declaration. There is no evidence in the record that these procedures were followed and thus the attempted amendment is ineffective. *Stuewe v. Lauletta* (1981), 93 Ill. App. 3d 1029, 418 N.E.2d 138.

■■■ The trial court properly found that the modified plat in the proposed second amendment was null and void. The construction in the basement area is an encroachment on the common property rights of the unit owners in the common elements. (Ill. Rev. Stat. 1979, ch. 30, par. 323.) The order directing removal of this construction was proper. *Ariola v. Nigro* (1959), 16 Ill. 2d 46, 156 N.E.2d 536; *Nitterauer v. Pulley* (1948), 401 Ill. 494, 82 N.E.2d 643; *Taubert v. Fluegel* (1970), 122 Ill. App. 2d 298, 258 N.E.2d 586.

For the foregoing reasons, we affirm the order of the circuit court of Cook County granting partial summary judgment in favor of plaintiff, declaring the second amendment null and void, ordering the removal of the construction from the basement area and enjoining defendants from any future construction in the basement common area.

Affirmed.

GOLDBERG and McGLOON, JJ., concur.