SECOND DIVISION

June 30, 1997

No. 1-96-1824

MICHAEL J. WHEATLEY, ) Appeal from the

) Circuit Court of

Plaintiff-Appellant, ) Cook County.

)

v. )

)

CHICAGO TRANSIT AUTHORITY, ) Honorable 

                        ) Loretta C. Douglas,

Defendant-Appellee. ) Judge Presiding.

JUSTICE McNULTY delivered the opinion of the court:

Plaintiff Michael J. Wheatley appeals from the trial court order dismissing his suit against defendant, the Chicago Transit 

Authority (CTA), on the basis that plaintiff did not serve the CTA with notice of his injuries within six months from the date of his injury or file suit within one year of the date he received the injuries as required by section 41 of the Metropolitan Transit Authority Act.  70 ILCS 3605/41 (West 1994).  Plaintiff claims on appeal that because his injuries occurred while he was doing construction work, his limitations period was governed by section 13-214 of the Code of Civil Procedure (Code) which provides a four- year window for bringing claims arising out of construction accidents.  735 ILCS 5/13-214 (West 1994).  We affirm.  

Plaintiff filed suit against the CTA on October 16, 1995. Plaintiff alleged in his complaint that on March 15, 1994, while 

employed as a laborer by Blinderman Construction Company, he was 

performing work on the CTA Sheffield/Addison elevated rail station and was injured when a trench collapsed.  Plaintiff alleged that the CTA was acting as a general contractor and that plaintiff was injured as a result of the CTA's violation of the Illinois Structural Work Act in failing to properly shore the trench to prevent its collapse.  740 ILCS 150/01 (West 1994).       

On January 18, 1996, the CTA filed a motion to dismiss based on plaintiff's failure to serve a notice of personal injury within six months and file a lawsuit within one year of the alleged incident as required by section 41 of the Metropolitan Transit Authority Act.  70 ILCS 3605/41 (West 1992).  On March 13, 1996, plaintiff responded that because he sustained his injuries while engaged in construction work on a CTA project, and not as a passenger, his action was governed only by section 13-214 of the Code, which allows four years for the bringing of a suit.  735 ILCS 5/13-214 (West 1994).  The trial court granted the CTA's motion to dismiss, finding that section 41 of the Metropolitan Transit Authority Act was more specific than section 13-214 of the Code and should therefore control.  The court noted, however, that this was a difficult decision since there was no controlling precedent and that the court's decision could have also gone the other way.

We must determine in this appeal whether the filing of a  claim for injuries sustained while working on CTA property is governed by section 41 of the Metropolitan Transit Authority Act or by section 13-214 of the Code of Civil Procedure.  

Section 41 of the Metropolitan Transit Authority Act provides:

"No civil action shall be commenced in any court against the Authority by any person for any injury to his person unless it is commenced within one year from the date that the injury was received or the cause of action accrued.  Within six (6) months from the date that such an injury was received or such cause of action accrued, any person who is about to commence any civil action in any court against the Authority for damages on account of any injury to his person shall file in the office of the secretary of the Board and also in the office of the General Counsel for the Authority either by himself, his agent, or attorney, a statement, in writing, signed by himself, his agent, or attorney, giving the name of the person to whom the cause of action has accrued, the name and residence of the person injured, the date and about the hour of the accident, the place or location where the accident occurred and the name and address of the attending physician, if any.  If the notice provided for by this section is not filed as provided, any such civil action commenced against the Authority shall be dismissed and the person to whom any such cause of action accrued for any personal injury shall be forever barred from further suing."  70 ILCS 3605/41 (West 1994)  

Section 13-214 of the Code of Civil Procedure provides:

"Construction-Design management and supervision.  As used in this section 'person' means any individual, any business or legal entity, or any body politic.

(a) Actions based upon tort, contract or otherwise against any person for an act or omission of such person in the design, planning, supervision, observation or management of construction, or construction of an improvement to real property shall be commenced within 4 years from the time the person bringing an action, or his or her privity, knew or should reasonably have known of such act or omission."  735 ILCS 5/13-214 (West 1994).

There is no case law construing the relationship between section 41 of the Metropolitan Transit Authority Act and section 13-214 of the Code.  

 The first rule of statutory construction is to ascertain and give effect to the true intent and meaning of the legislature.  
Hernon v. E.W. Corrigan Construction Co.
, 149 Ill. 2d 190, 595 N.E.2d 561 (1992).  Plaintiff claims that the legislature only intended section 41 of the Metropolitan Transit Authority Act to apply to personal injury claims against the CTA that arose out of the CTA's operations as a common carrier.  Plaintiff points out that section 41 was enacted to address the unique problems caused by the CTA's status as the nation’s largest mass transit carrier.  The magnitude of the CTA's operations and its special duty to provide its passengers with the highest degree of care produced large volumes of personal injury actions and therefore warranted giving the CTA is own protective statute.  
Fujimura v. Chicago Transit Authority
, 67 Ill. 2d 506, 368 N.E.2d 105 (1977); 
Segarra v. Chicago Transit Authority
, 265 Ill. App. 3d 480, 637 N.E.2d 572 (1994), 
Schuman v. Chicago Transit Authority
, 407 Ill. 313, 95 N.E.2d 447 (1950).  Plaintiff argues that claims by people injured while working on CTA property do not involve the concerns section 41 was intended to address, since there is no indication that the number or type of claims will present any unusual problems.   

 However, as the CTA notes, the terms of section 41 are  comprehensive and do not distinguish between different types of personal injury claimants.  Section 41 provides that "
No civil action
 shall be commenced in any court against the Authority 
by any person for any injury to his person
 unless it is commenced within one year from the date that the injury was received or the cause of action accrued."  (Emphasis added.)  70 ILCS 3605/41 (West 1994).  The statute also requires that notice be served within six months of the incident by "
any person who is about to commence any civil action
" against the CTA for damages on account of "
any injury to his person
." (Emphasis added.)  70 ILCS 3605/41 (West 1994).  Thus, the statute does not limit its terms to persons injured as a result of the operation of buses or trains, or to persons who were passengers on buses or trains. Rather, section 41 applies to all personal injury claims brought against the CTA including those sustained during construction related activities.

 In fact, section 41 of the Metropolitan Transit Authority Act has been applied in many incidences where the CTA did not owe the highest degree of care as a common carrier.  See 
Repaskey v. Chicago Transit Authority
, 60 Ill. 2d 185, 326 N.E.2d 771 (1975)(section 41 applied to plaintiff injured on an escalator on CTA property); 
Niziolek v. Chicago Transit Authority
, 251 Ill. App. 3d 537, 620 N.E.2d 1097 (1993)(section 41 applied to plaintiff driving his auto when allegedly struck by a CTA bus);  
Bonner v. Chicago Transit Authority
, 249 Ill. App. 3d 210, 618 N.E.2d 871 (1993) (section 41 applied to plaintiff whose vehicle collided with a CTA bus).  We therefore find that section 41 of the Metropolitan Transit Authority Act is applicable to any injury sustained by any person.    It is thus apparent that section 41 of the Metropolitan Transit Authority Act and section 13-214 of the Code are both applicable to construction workers injured while doing work on CTA property.  We therefore turn to an analysis of whether one statute is more specific.  Where two statutory provisions cover the same subject matter, the more specific statute governs.  
Zimmer v. Village of Willowbrook
, 242 Ill. App. 3d 437, 610 N.E.2d 709 (1993).  Plaintiff claims that section 13-214 of the Code is more specific since it concerns only those personal injuries sustained from construction work, while section 41 of the Metropolitan Transit Authority Act deals with all personal injury claims against the CTA.  See 
Hernon v. E.W. Corrigan Construction Co.
, 149 Ill. 2d 190, 595 N.E.2d 561 (1992)(holding that section 13-214 is a specific statute).  In support of his argument, plaintiff relies on several cases in which statutes have been found more specific than section 8-101 of the Local Governmental and Governmental Employees Tort Immunity Act (Tort Immunity Act) (745 ILCS 10/8-101 (West 1994)).  In 
Zimmer v, Village of Willowbrook
, 242 Ill. App. 3d 437, 610 N.E.2d 709 (1993), the court determined that section 13-214 of the Code is more specific than section 8-101 of the Tort Immunity Act.  The court determined that section 13-214 of the Code more specifically applied to actions against any body politic when an construction injury is involved.  In 
Bertolis v. Community Unit School District No. 7
, 283 Ill. App. 3d 874, 671 N.E.2d 79 (1996), the court determined that section 13-211 of the Code of Civil Procedure (735 ILCS 5/13-211 (West 1994)), allowing suit to be filed two years after a plaintiff reaches the age 18, is more specific than the one-year statute of limitations provided in section 8-101 of the Tort Immunity Act.  745 ILCS 10/8-101 (West 1994).  The court concluded that section 13-211 of the Code addresses a specific class of plaintiffs as well as the nature of the injury, while section 8-101 of the Tort Immunity Act applies only to a given group of defendants and could encompass any type of civil action.  In 
Cleaver v. Marrese
, 253 Ill. App. 3d 778, 625 N.E.2d 1129 (1993), the court found that section 13-212 of the Code of Civil Procedure, which governed the time period for bringing medical malpractice claims, was more specific than section 8-101 of the Tort Immunity Act.  The court noted that section 13-212 was specifically limited to actions against doctors and hospitals, while section 8-101 dealt with all injuries against any municipality.

 We do not find the cases cited by plaintiff helpful since  they concerned the application of section 8-101 of the Tort Immunity Act.  The Tort Immunity Act has broad application to thousands of public municipalities throughout the state and covers all types of civil suits against them.  It is also applicable to all types of suits, including contract and property damage claims.  Section 41 of the Metropolitan Transit Authority Act is much more specific than section 8-101 since it is only applicable to personal injury claims and only applicable to the CTA. 

 Section 41 of the Metropolitan Transit Authority Act is also more specific than section 13-214 of the Code.  Section 41 applies to only one entity, the CTA, while section 13-214 of the Code could be applied to any person or entity being sued for a construction-related activity.  Furthermore, while section 41 only applies to personal injury lawsuits, section 13-214 applies to all actions based upon tort or contract.

Accordingly, for the reasons set forth above, we affirm the trial court order dismissing plaintiff’s suit against the CTA on the basis that is was untimely filed.

Affirmed. 

RAKOWSKI and TULLY, JJ., concur.