HERBERT V. HUSKEY *et al.*, Plaintiffs-Appellees, v. BOARD OF
MANAGERS OF CONDOMINIUMS OF EDELWEISS, INC.,
Defendant-Appellant.

First District (2nd Division) No. 1—97—1930

Opinion filed June 9, 1998.

TULLY, J., dissenting.

Bickley, Hart & Gardner, of Schaumburg (John H. Bickley III, of counsel),
for appellant.

Naomi H. Schuster, of Palos Heights, for appellees.

PRESIDING JUSTICE McNULTY delivered the opinion of the court:

Defendant, the Board of Managers of Condominiums of Edelweiss, Inc. (the Board), appeals from the trial court order granting summary judgment in favor of plaintiffs, Herbert and Sandra Huskey and other condominium owners, based on the trial court's finding that the Board exceeded its authority in changing the percentage of plaintiffs' ownership in the condominium's common elements. We affirm.

On November 18, 1987, the Condominiums of Edelweiss, Inc., was organized in the State of Illinois as a general not-for-profit corporation for the purpose of administering and operating a certain parcel of real estate located in the Village of Palos Park, Illinois, as a condominium. On February 8, 1988, a "Declaration of Condominium Ownership and By-Laws, Easements, Restrictions and Covenants for Condominiums of Edelweiss" (Declaration) was duly recorded in the offices of the recorder of deeds of Cook County, Illinois.

Article XX of the Declaration reserved to the developer the option to add additional property to the development. The developer exercised this option by filing 14 amendments. In the thirteenth amendment filed by the developer, the first 40 units have 1.67% ownership interest in the common elements and the remaining 20 units have 1.66% ownership interest in the common elements. The developer's fourteenth amendment, which again added more units, assigned the first 16 units the same percentage of ownership interest in the common elements, 1.57%, and assigned the balance of the units a different percentage, 1.56%.

The Board subsequently filed amendments 15 and 16, which altered the relative percentage of common element interest to 1.832% for the larger condominium units located on the second floor, which are owned by plaintiffs, and 1.472% of common element interest to the smaller units. This has the effect of increasing the plaintiffs' percentage of common element interest in the larger, second-floor units by .272%.

Plaintiffs brought suit alleging that the Board had no authority under the Illinois Condominium Property Act (Act) (765 ILCS 605/4 (West 1994)) to alter the percentage of common element ownership without the agreement of all unit owners. The trial court granted summary judgment in plaintiffs' favor. The Board appeals, claiming that a genuine issue of material fact remains as to whether the developer improperly assigned the percentage of ownership interest in the common elements to the units and whether the Board properly utilized the procedures set forth in section 27(b)(1) of the Act (765 ILCS 605/27(b)(1) (West 1994)) to correct the developer's errors and omissions in the Declaration.

■ Summary judgment is to be entered if the pleadings, depositions, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *Dash Messenger Service, Inc. v. Hartford Insurance Co.*, 221 Ill. App. 3d 1007, 582 N.E.2d 1257 (1991). Our review of the provisions of the Act relied upon by the parties pertaining to amendment of the Declaration reveals that the trial court properly granted summary judgment in plaintiffs' favor.

■ The Illinois Condominium Property Act (765 ILCS 605/4 (West 1994)) provides in pertinent part:

"The Declaration shall set forth the following particulars:

\* \* \*

(e) The percentage of ownership interest in the common elements allocated to each unit. Such percentages shall be computed by taking as a basis the value of each unit in relation to the value of the property as a whole, and having once been determined and set forth as herein provided, such percentages shall remain constant unless otherwise provided in this Act or thereafter changed by agreement of all unit owners." 765 ILCS 605/4(e) (West 1994).

Section 4(e) thus expressly provides that once the percentage of ownership interest in the common elements has been determined, that percentage remains constant absent an agreement by all unit owners. *Parrillo v. 1300 Lake Shore Drive Condominium,* 103 Ill. App. 3d 810, 431 N.E.2d 221 (1981).

The Board, however, claims that section 27(b)(1) of the Act (765 ILCS 605/27(b)(1) (West 1994)) permits the Board to change the percentage of ownership in the common elements with the consent of less than all unit owners. That section states in pertinent part:

"If there is an omission or error ·in the declaration, bylaws or other condominium instrument, the association may correct the error or omission by an amendment to the declaration, bylaws, or other condominium instrument, in such respects as may be required to conform to this Act, and any other applicable statute or to the declaration by vote of two-thirds of the members of the Board of Managers or by a majority vote of the unit owners at a meeting called for this purpose, unless the Act or the condominium instruments specifically provide for greater percentages or different procedures." 765 ILCS 605/27(b)(1) (West 1994).

The Board claims that it filed the fifteenth and sixteenth amendments to the Declaration to correct errors in the Declaration caused by the developer's failure to properly assign the units' percentage of ownership in the common elements. The Board claims that the trial

court improperly granted summary judgment since a genuine issue of material fact exists as to whether the developer did indeed err in his determination of each unit's percentage of common element ownership. The Board claims that the developer improperly assigned ownership of the common elements by averaging every unit in the building and provided all the units the same percentage of ownership interest, rather than assigning ownership based on the square footage of the units. The Board claims that section 27(b)(1) of the Act permits it to correct such an error by a vote of two-thirds of the Board members, as was done here.

The question before this court is whether section 27(b)(1), the error and omission provision of the Act, can be used to change the percentage of ownership in the common elements. We find that section 4(e) and not section 27(b)(1) of the Act controls changes to percentages of ownership in common elements. Where two statutory provisions cover the same subject matter, the more specific statute governs. *Wheatley v. Chicago Transit Authority*, 289 Ill. App. 3d 60, 682 N.E.2d 418 (1997). Section 4(e) is clearly more specific than section 27(b)(1). While section 4(e) specifically addresses changes made to the percentage of common area ownership, section 27(b)(1) addresses errors or admissions in the Declaration generally. We interpret section 27(b)(1) to apply to errors and omissions other than those involving percent of ownership in common elements. Section 27(b)(1) provides authority to correct omissions and errors "unless the Act or the condominium instruments specifically provide for greater percentages or different procedures." 765 ILCS 605/27(b)(1) (West 1994). Section 4(e) of the Act does indeed provide for a different procedure. 765 ILCS 605/4 (West 1994).

Moreover, according to the rules of statutory construction, this court is bound to give meaning and effect to all the provisions of a statute and the court must construe a statute so that no word, clause or sentence, to the extent that it is possible to do so, is rendered superfluous or meaningless and that the court, if possible, is required to give each word, clause or sentence some reasonable meaning. *Walker v. Alton Memorial Hospital Ass'n*, 91 Ill. App. 3d 310, 414 N.E.2d 850 (1980). If we were to read section 27(b)(1) to apply to changes in ownership of common element interest, we would render section 4(e) meaningless.

We find it reasonable to conclude that the legislature deemed consent of all unit owners necessary when changes are made in the percentage of common interest ownership in order to avoid unfairness to minority owners. Common interest ownership goes to the essence of an owner's property interest in the condominium. The percentage of

common interest ownership impacts the unit's owner's property taxes, the amount of annual and special assessments, as well as the resale price of the unit. The legislature likely recognized the potential for unfairness of permitting a two-thirds majority of the Board, all of whom have a financial and personal interest in the outcome, to make a decision impacting such significant rights of other unit owners.

■ We therefore find that the Board cannot change plaintiffs' ownership interest in the common areas without the consent of all unit owners. *Carney v. Donley*, 261 Ill. App. 3d 1002, 633 N.E.2d 1015 (1994); *Stuewe v. Lauletta*, 93 Ill. App. 3d 1029, 418 N.E.2d 138 (1981). To effect an amendment, the Board must follow the provisions in the Act, and the failure to do so makes the attempted amendments ineffective. *St. Francis Courts Condominium Ass'n v. Investors Real Estate*, 104 Ill. App. 3d 663, 432 N.E.2d 1274 (1982). Since the Board did not obtain consent of all unit owners to change the percentage of ownership in the common areas, the fifteenth and sixteenth amendments to the Declaration are ineffective.

We express no opinion as to whether the percentage of ownership in the common elements may be changed through some legal proceeding, rather than by Board action under the Act. We limit our holding to a determination that the Act does not permit the Board to alter the percentage of ownership in the common elements by the consent of two-thirds of the members of the Board, but only when consent of all unit owners has been obtained.

Accordingly, for the reasons set forth above the trial court order granting summary judgment in plaintiffs' favor is affirmed.

Affirmed.

RAKOWSKI, J., concurs.

JUSTICE TULLY, dissenting:
I respectfully dissent.

Although I agree with the majority's statement of the law on statutory construction, I disagree with their conclusion that "[i]f we were to read section 27(b)(1) to apply to changes in ownership of common element interest, we would render section 4(e) meaningless." 297 Ill. App. 3d at 295.

The historical and practice notes for the Act indicate that 27(b) "provides a summary procedure to correct omissions or errors in condominium instruments. Omissions or errors include provisions which conflict with current case and statutory law, typographical or similar types of mistakes, and provisions in a declaration or by-laws which

mutually conflict with each other." 765 ILCS Ann. 605/27(b), Historical & Practice Notes, at 174 (Smith-Hurd 1993). I agree with defendant in this case and believe that there is a genuine issue of material fact regarding whether the percentages of ownership interest were determined in compliance with section 4(e) in the first place, and whether, according to the developer's deposition testimony, there might have been in part a typographical error in recording the percentages. If so, I believe that section 27(b)(1) could have been used without rendering section 4(e) meaningless by correcting a fundamental error in establishing the percentages. Section 4(e) sets forth the method of establishing the percentages and states that "having once been determined and set forth as herein provided, such percentages shall remain constant unless otherwise provided in this Act or thereafter changed by agreement of all unit owners." 765 ILCS 605/4(e) (West 1996). The majority relies on *Parrillo* to indicate that the only way to correct the percentages is by agreement of all unit owners. I am not convinced that *Parrillo* provides such an absolute rule. Although that case quotes section 4(e), it is not factually similar and does not address the issue of a fundamental error in the computed ownership interest percentages.

Also to be considered are the public policy implications of possibly preventing a board from correcting obvious, fundamental errors in condominium instruments, by requiring the unanimous agreement of owners. I believe that summary judgment in this case was improper.

In light of the foregoing, I would reverse the judgment and remand this cause for further proceedings consistent with this view.