## JOHN MURRAY *et al.*

*v.*

## THOMAS HAVERTY *et al.*

1. VARIANCE—*between proof and plea of license.* In trespass by several tenants in common of land, a plea that the defendants entered, etc., under the license of the plaintiffs, is not sustained by proof of a license from but one of the tenants in common.

2. TENANTS IN COMMON—*power of one to convey, etc.* Tenants in common are seized of each and every part of the estate, but it is not in the power of one to convey the whole of the estate, or the whole of a distinct portion, or to give a valid release for injuries done thereto, or to give a license to ·do any act which will work a permanent injury to the inheritance, or lessen the value of the estate.

3. ERROR *will not always reverse.* Although there may be trivial errors in some of the instructions given, a verdict will not be set aside which manifestly does justice between the parties.

APPEAL from the Circuit Court of LaSalle county; the Hon. EDWIN S. LELAND, Judge, presiding.

This was an action of trespass, by Thomas Haverty and a number of others against the appellants, for breaking and entering the plaintiffs' close, etc. A trial was had, resulting in a verdict of $1100 in favor of the plaintiffs, upon which the court rendered judgment, refusing defendants' motion for a new trial. The essential facts of the case appear in the opinion of the court.

Messrs. ELDRIDGE & LEWIS, for the appellants.

Messrs. DICKEY, BOYLE & RICHOLSON, for the appellees.

Mr. JUSTICE SCOTT· delivered the opinion of the Court:

The declaration in this case is in trespass, and contains three counts. The first is for breaking the close, digging and carrying away coal; the second is for stripping and uncovering coal in the mines on the premises, whereby the same

were damaged, and the third is a count in trespass *de bonis asportatis.* Defendants pleaded, first, not guilty, as to the whole declaration; second, *liberum tenementum,* as to the first and second counts, and third, a license from all the plaintiffs to do the acts complained of. Replications were filed to all these pleas, and upon the issues joined thereon a trial was had.

No evidence whatever was offered under the plea of *liberum tenementum,* nor was there any offered by plaintiffs that would authorize a recovery on the third count, and it would seem the trial must have been had on the issues joined on the first and third pleas.

It is not controverted defendants dug and removed large quantities of coal from the premises described in the declaration, and hence the principal question is, whether they can justify under the license offered in evidence.

The land upon which the alleged trespasses were committed was owned, at the time, by tenants in common. It was subsequently divided, and the east half set off to plaintiffs, for whose use this suit was brought. Prior to the entry of defendants upon the premises, they had entered into an agreement with Peter Howard, who was a tenant in common with plaintiffs, by which they obtained the privilege to enter and construct a drain across the premises, but below the vein of coal. It was to be for their own benefit, and for the privilege secured they were to pay $200.

The construction of the drain would necessarily require the excavation and removal of large quantities of coal, for which they agreed to pay at the rate of two cents per bushel.

It is insisted, this license is a bar to an action of trespass for anything done by defendants in the execution of the contract.

One difficulty that presents itself is, the proof does not sustain the plea. It is averred defendants entered under the license of the plaintiffs, and issue was joined thereon. The evidence shows the license was obtained from but one of the

320          MURRAY *et al. v.* HAVERTY *et al.*          [Sept. T.

Opinion of the Court.

tenants in common. Hence, the license proven is not as broad as that averred in the pleadings. There is, therefore, no evidence that directly sustains the issue made.

Counsel, however, maintain that defendants can defend against the alleged trespasses, under a license obtained from one of the tenants in common. Waiving any technical objection that might be urged against the form of the plea, under this view of the law, we do not think the proposition assumed can be sustained, either upon reason or authority.

The common law doctrine is, tenants in common are seized of each and every part of the estate, but it is not in the power of one to convey the whole of the estate, or the whole of a distinct portion, or give a valid release for injuries done thereto. It has most generally been ruled that, as against the other co-tenants, such a deed is inoperative and void. *Marshall* v. *Trumbull*, 28 Conn. 183; *Hutchinson* v. *Chorr*, 39 Maine, 513; 4 Kent's Com. 368*.

No principle is better settled, than that one tenant in common can not lawfully commit waste or destroy the common property, or do any act that will work a permanent injury to the inheritance. Our statute has authorized one tenant to maintain trespass or trover against his co-tenant, who shall take away, destroy, lessen in value or otherwise injure the common property. Mining coal or excavating and removing earth, would tend to injure, destroy and lessen in value the estate. Notwithstanding the fact, in contemplation of law, tenants in common are all seized of each and every part of the estate, still, neither one is permitted with impunity to do acts deemed prejudicial or destructive of the interests of the other co-tenants. If a tenant in common can not himself lawfully dig and remove the soil or coal or other valuable material beneath the surface, that would tend permanently to lessen the value of the estate, how can he grant that right to a stranger? Upon principle, the licensee can take no better title or higher authority than the licensor himself possessed. The law would not permit Peter Howard to enter

upon the common property and remove from thence the coal deposits, which must constitute the real value of the estate. Hence it follows, his warrant or license to a stranger would afford no answer to an action of trespass brought by his co-tenants.

We have looked into the cases cited by counsel for appellants, but we do not think they sustain their view of the law. The case of *Baker* v. *Wheeler et al.* 8 Wend. 505, is most nearly in point, but it differs so widely in its facts, it can not be regarded as an authoritative precedent in the case at bar.

We are of opinion the evidence given on the trial does not sustain the plea which seeks to justify the acts of trespass under a license, and the defense necessarily fails.

It is urged, the evidence wholly fails to establish a trespass by defendants upon the particular tract of land described in the declaration. Without recapitulating the evidence, which is very voluminous, it is sufficient to say, that, from a careful consideration, we are satisfied it fully sustains the finding of the jury. The testimony of some of the surveyors is full to the point, and although it is conflicting, the verdict is fully warranted by the whole evidence, both as to the fact of the trespasses, and as to the amount of damages found. We are unwilling to interfere with it for either cause.

No errors are perceived in the instructions that, in our view of the law and the evidence, could have misled the jury on the real issues involved. In the main, they are correct, and, although some trivial errors may have intervened, they are not of so grave a character as to require that a verdict should be set aside which manifestly does justice between the parties.

The judgment will be affirmed.

*Judgment affirmed.*