(No. 22604.— )
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* HARRY SPECTER, Plaintiff in Error.

*Opinion filed December 18, 1934.*

S. B. McDONNELL, JR., for plaintiff in error.

OTTO KERNER, Attorney General, THOMAS J. COURTNEY, State's Attorney, and J. J. NEIGER, (EDWARD E. WILSON, and HENRY E. SEYFARTH, of counsel,) for the People.

Mr. JUSTICE SHAW delivered the opinion of the court:

Plaintiff in error was indicted in the criminal court of Cook county for malicious michief, under paragraph 425 of the Criminal Code, (Smith's Stat. 1933, p. 1062,) which provides as follows: "Whoever willfully and maliciously destroys, injures or defaces any building or fixture attached thereto, without consent of the owner, or destroys, injures or secretes any goods or chattels of another, shall be imprisoned in the penitentiary not less than one or more than ten years," etc. The indictment charged that the defendant feloniously, unlawfully, willfully, mischievously and maliciously injured a certain building (which was a vacant apartment building) by tearing out sinks, lavatory-bowls, bath-tubs and lead pipe, "without then and there having the consent of Robert Reilly and Ollie Reilly, co-

owners," etc. No motion to quash the indictment was interposed and the defendant was tried and convicted. Thereafter, by motion in arrest of judgment, he questioned the sufficiency of the indictment, contending that it does not sufficiently charge the commission of a crime. His motion in arrest having been overruled and he having been sentenced, this writ of error is sued out to review the judgment of the criminal court of Cook county.

The common law record, only, is before us for review, and the only contention presented in connection therewith is that above indicated.

It is argued on behalf of plaintiff in error that the indictment is defective in that it should have been in the disjunctive as to the owners of the building, it being asserted that the consent of either one of the co-owners would have been sufficient justification for the acts complained of. It is argued that from all that may be learned from an inspection of the indictment the defendant might have been a plumber working on the premises, having the order or consent of one of the owners. This argument is entirely without weight. In the case of *Murray* v. *Haverty,* 70 Ill. 318, decided in 1873, it was held that in an action of trespass by several tenants in common of land, a plea that defendant entered under license of one of them was not sufficient. This is in accordance with the common law, (4 Kent's Com. 368,) and from this rule we know of no departure. As to plaintiff's assumption that from all that appears in the indictment he might have been a plumber working in the building, it is a sufficient answer to point out that the indictment charged the acts to have been done feloniously, unlawfully, willfully, mischievously and maliciously.

We find the indictment sufficient, and as there is no other error assigned or complained of, the judgment of the criminal court of Cook county will be affirmed.

*Judgment affirmed.*