IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
May 10, 2001 Session

## MARY COSTA, SUE HENARD, and VICTORIA S. McCULLOCH v. JAMES L. CLAYTON, LaRUE HOMEOWNERS' ASSOCIATION, INC., BARRY BRADLEY, RICHARD LACY, and HARRY P. MONTGOMERY

Direct Appeal from the Chancery Court for Knox County
No. 143432-1      Hon. John F. Weaver, Chancellor

FILED JUNE 22, 2001

No.  E2000-02627-COA-R3-CV

Plaintiffs' action to invalidate an agreement between the defendants to grant an easement as consideration for land was found to be meritorious by the Trial Judge, and plaintiffs were granted summary judgment.  On appeal, we affirm.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Chancery Court Affirmed.**

HERSCHEL PICKENS FRANKS, J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., and D. MICHAEL SWINEY, J., joined.

Arthur G. Seymour, Jr., and Benjamin C. Mullins, Knoxville, Tennessee, for Appellant, LaRue Home Owners' Association.

James L. Clayton, *pro se.*

Robert L. Crossley, Knoxville, Tennessee, for Appellees.

**OPINION**

In this declaratory judgment action, the Chancellor invalidated an agreement between defendants James L. Clayton ("Clayton") and the Board of Directors ("the Board") of LaRue Homeowners' Association at the instance of the plaintiffs.  Defendants have appealed.

The three Plaintiffs own condominium units in the LaRue Condominium complex located off Kingston Pike. Defendant Clayton owns a tract of land containing approximately five acres, lying immediately adjacent to the southern boundary of the LaRue Condominiums. He also owns unit #12 in the condominium complex. The defendant LaRue Homeowners' Association, Inc. ("the Association") is a non-profit corporation organized pursuant to Tennessee's Horizontal Property Act.

In order to meet building codes and fire regulations, the Association entered an agreement with Clayton wherein Clayton agreed to convey an additional area to the Association for widening of the condominium development's rear driveway. In exchange, the Association agreed to grant Clayton a non-exclusive easement across the common driveway of the LaRue property for ingress and egress between Clayton's contiguous property and Kingston Pike.

The Trial Court, in its Final Judgment, invalidated and set aside the grant of the easement, and cancelled and rescinded the Agreement between the Association and Clayton. The Warranty Deed was likewise voided. The Court further enjoined Clayton and his agents and invitees from using the entrance or dead-end street running down the center of the development for any purpose other than ingress and egress to and from the LaRue condominiums and enjoined them from using the entrance or dead-end street for the purpose of ingress and egress to and from the adjoining property owned by Clayton.

The standards governing our review of a Trial Court's decision are well settled. Since our inquiry involves purely a question of law, no presumption of correctness attaches to the lower court's judgment. *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997).

The Trial Court found that the Board of Directors for the Association did not have the authority to grant the easement to Clayton because it did not have the approval of all the members of the Association. The Court based its decision upon the Master Deed which was filed for the governance of the condominium complex.

The Master Deed states that the common elements shall be used only for the enjoyment of occupants of the individual units. The Deed also states that the "common interests and easements appurtenant to each unit shall have a permanent character and shall not be altered without the consent of all owners of units affected thereby." The grant of an easement to Clayton was done without the consent of all the owners of the Association contrary to the requirements of the Master Deed.

The Master Deed lists a number of allowable easements that exist or may be granted by the Board of Directors, but the list does not include the type of easement granted in this case. Specifically, Article VI, paragraph 3 of the Master Deed provides that the Board of Directors shall have the right and power to grant easement "upon, across, over and under all or any portion of the common area for ingress, egress, installation, replacing, repairing or maintaining all utilities." The Deed also grants easements for emergency access and for postal and other delivery personnel.

Courts in this jurisdiction resort to the doctrine of *ejusdem generis* which while not a rule of law is an aid in interpretation of statutes or other writings. This Court in *Shipley v. SOFCO Erectors, Inc*., 1988 WL 48618, *6 (Tenn. Ct. App. May 16, 1988) (quoting from a Kentucky case, said:

> The doctrine of Ejusdem Generis based on the maxim expressio unius est exclusio alteriusis: that, where general words are used, followed by a designation of particular things or subject to be included or excluded as the case may be, the inclusion or exclusion will be presumed to be restricted to the particular thing or subject.

While the rule is commonly applied to the construction of statutes and wills, it equally applies to other written documents. *Id.* Accordingly, because the list of easements allowed to be granted does not include the power to grant easements such as the one in this case, the Board was acting outside its power in granting this easement to Clayton. Clearly, the easement granted to Clayton alters the "permanent character" of and interest in the easement granted to plaintiffs in the Master Deed.

Defendants take strong issue with this position, and argue the Master Deed, By-Laws and the Charter of LaRue Condominiums clothe the Board with the authority to grant this type of non-exclusive easement. They rely primarily on the following portion of the By-Laws:

> J. All powers and duties of the Association shall be exercised by the Board of Directors . . . . Such powers and duties . . . shall include, without limiting the generality of the foregoing, the following:
>
> > 4. To acquire, operate, lease, manage and otherwise trade and deal with property, real and personal, as may be necessary or convenient in the operation and management of the condominium property in all common elements and in accomplishing the purposes set forth in the Articles of Incorporation.

Defendants contend that they were authorized to enter the agreement, because they are dealing with property of the common elements in a manner that would allow emergency access to the rear driveways of the condominium units. They point to the fact that the Master Deed provides for an easement for all emergency personnel to enter upon the property or any part of the property, but prior to the improvements made by Clayton, the driveway was not wide enough to allow ambulances or fire trucks access to the rear of the development.

Defendants' argument is misplaced, because they fail to consider this provision of the by-laws in conjunction with the other provisions of the By-Laws, Master Deed and Articles of Incorporation. The section of the By-Laws defining the authority of the Board of Directors specifically states that the powers and duties of the Board "shall be exercised in accordance with said Articles of Incorporation, these By-Laws and the common law and statutes. . ." The Articles of

Incorporation for the Association state:

> All the powers of this corporation shall be subject to and shall be exercised in accordance with the provisions of the Master Deed together with its supporting documents which govern the use of the land to be operated and administered by this corporation.

In *Bailey v. Master Plumbers*, 103 Tenn. 99, 52 S.W. 853 (1899) our Supreme Court said: "The action of a non-profit association, like that of all other corporations, must be limited to the powers enumerated in the charter, plus those necessarily implied from the object of incorporation." 52 S.W. at 858. Generally, grants of power to a corporation are strictly construed, and any ambiguity in the terms of a corporate charter must operate against the corporation. 15A AM. JUR. 2D *Condominiums and Cooperative Apartments* § 8 (2000); 18B AM. JUR. 2D *Corporations* § 1995 (1985). In determining what powers have been conferred, the whole instrument containing the charter or articles of incorporation is to be taken together, including provisos, as expressed in the final intention and purposes of the parties. *Id.*

When reading the By-Laws in conjunction with the Master Deed and Articles of Incorporation, it is clear that in order to grant the easement in this case, there must be consent from all the unit owners. Defendants' interpretation of the By-Laws would render meaningless the language in the Master Deed requiring such unanimous consent.

Finally, defendants cite as authority, an Illinois case of *Schaumberg State Bank v. Bank of Wheaton*, 555 N.E.2d 48 (Ill. App. 1990) for the proposition that unanimous consent of a homeowners' association is not required to grant a non-exclusive easement across the common elements of a condominium since a non-exclusive easement does not diminish the unit owners' interest in the common elements. In *Schaumberg* the Association had passed an Amendment to its "declaration of condominium ownership" (referred to in Tennessee as the "Master Deed") by a vote of seven to one, granting a non-exclusive easement across common elements. Both the Illinois Condominium Property Act and the condominium declaration required that any change in the "percentage of ownership" interest in the common elements be made only with consent of all unit owners, and the Court held that the easement would not change the percent of the common interest owned by each resident, and therefore, the amendment did not need unanimous approval. *Id.* at 52-53.

Nothing in the Tennessee Act or the Master Deed for the LaRue Condominium speaks in terms of altering the "percentage of ownership" as was at issue in *Schaumberg.* In this case, the Master Deed specifically requires that the common interests and easements "shall not be altered without the consent of all owners of units affected thereby". Accordingly, the grant of a non-exclusive easement to a third party across the common driveway would constitute an "alteration" of the scope of the members' rights in and to the easement. We conclude defendants' reliance on *Schaumberg* is misplaced.

-4-

For the foregoing reasons, we affirm the judgment of the Trial Court that the Board did not have the authority to grant an easement to Clayton, due to the fact that there was not unanimous consent among the owners of the individual units.

We remand, with costs of the appeal assessed to appellants.

_____

HERSCHEL PICKENS FRANKS, J.